UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-2761(DSD/JJK)

Jennifer Caulfield,

        Plaintiff,

v.                                                                **ORDER**

American Account & Advisors,
Inc. and John Doe,

        Defendants.

    Christopher S. Wheaton, Esq. and Barry, Slade, Wheaton & Helwig, LLC, 2701 University Avenue S.E., Suite 209, Minneapolis, MN 55414, counsel for plaintiff.

    Richard J. Malacko, Esq. and Malacko Law Office, 332 Minnesota Street, Suite W1610, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants American Account & Advisors, Inc. and John Doe (collectively, AAA). Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This Fair Debt Collection Practices Act (FDCPA) dispute arises out of the attempt by AAA to collect a debt owed by plaintiff Jennifer Caulfield. On January 23, 2012, Doe, an employee of AAA, contacted Caulfield by telephone to collect payment of the debt. First Am. Compl. ¶ 9. Caulfield explained that she could not pay

at that time, whereupon Doe shouted that she "needed to set something up with him then and there" and to "[b]e responsible and pay your bill." Id. ¶¶ 13-14, 25.  Caulfield asked Doe not to call her during business hours.  Id. ¶ 18.  Doe responded that "he could continue to call her because he was trying to collect a debt." Id. ¶ 19.  In response, Caulfield terminated the phone call.  Id. ¶ 30.

Caulfield filed an amended complaint on November 23, 2012, alleging violations of the FDCPA.  AAA filed an amended answer on December 5, 2012.  On January 21, 2013, AAA moved to dismiss.  At oral argument, and upon questioning from the court, AAA conceded that the motion is more properly styled as a motion for judgment on the pleadings.  As a result, the court converts the present motion to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**DISCUSSION**

**I.  Standard of Review**

The same standard of review applies to motions under Federal Rules of Civil Procedure 12(c) and 12(b)(6).  Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  Thus, to survive a motion for judgment on the pleadings, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal,

2

129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II. FDCPA Claims

"A violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which ... protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection [attempts]." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317-18 (8th Cir. 2004) (citations and internal quotation marks omitted). "The unsophisticated consumer test is a practical one, and statements that are merely susceptible of an ingenious misreading do not violate the FDCPA." Peters v. Gen. Serv. Bureau, Inc., 277 F.3d

1051, 1056 (8th Cir. 2002) (citations and internal quotation marks omitted). Caulfield alleges that AAA violated §§ 1692d, 1692e and 1692f of the FDCPA.

**A.   Section 1692d**

Section 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute provides a nonexhaustive list of representative conduct:

> (1) The use or threat ... of violence or other criminal means ....
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer ....
> (3) The publication of a list of consumers who allegedly refuse to pay debts ....
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass ....
> (6) [T]he placement of telephone calls without meaningful disclosure of the caller's identity.

<u>Id.</u>

Caulfield argues that Doe violated § 1692d by screaming at her. AAA responds that, as a matter of law, screaming at a consumer does not have the natural consequence of harassing, oppressing or abusing. The court agrees.

"Section 1692d is meant to provide a remedy for harassment, oppression, and abuse, not for bad manners." <u>Gallagher v. Gurstel,</u>

4

Staloch & Chargo, P.A., 645 F. Supp. 2d 795, 799 (D. Minn. 2009). Indeed, "[y]elling and rude language, while disrespectful, does not by itself violate § 1692d." Majeski v. I.C. Sys, Inc., No. 08 CV 5583, 2010 WL 145861, at *4 (N.D. Ill. Jan. 8, 2010) (citations omitted); see Unterreiner v. Stoneleigh Recovery Assocs., LLC, No. 09 C 7042, 2010 WL 2523257, at *2 (N.D. Ill. June 17, 2010) ("[W]hile rude and unpleasant, the fact that [a debt collector] employee 'screamed' at plaintiff is also insufficient." (citations omitted)). As a result, Caulfield's allegations do not state a claim under § 1692d, and judgment on the pleadings is warranted as to the § 1692d claim.

**B.   Section 1692e**

Caulfield next alleges that Doe violated § 1692e by stating that he could continue to call Caulfield because he was trying to collect a debt. Specifically, Caulfield argues that the statement is false and deceptive, as 15 U.S.C. § 1692c(a)(1) provides that "a debt collector may not communicate with a consumer ... at any unusual time or place known or which should be known to be inconvenient to the consumer."

Under § 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." To be actionable under this provision, however, a representation must be both false and material. Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D.

5

Minn. May 14, 2009); see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (noting that "courts have generally held that [FDCPA] violations grounded in 'false representations' must rest on material representations" and collecting cases from Sixth, Seventh and Ninth Circuits). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) (citation omitted). Even if the statement was false, Caulfield has not pleaded or otherwise articulated how the statement undermined her ability to intelligently choose her action regarding the debt. As a result, the statement was not material, and judgment on the pleadings is warranted as to the § 1692e claim.

## C. Section 1692f

Finally, Caulfield argues that Doe's screaming and his statement that he could continue to call also violate § 1692f. Section 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This section, however, only applies to conduct not elsewhere covered by the FDCPA. See Baker v. Allstate Fin. Servs., Inc., 554 F. Supp. 2d 945, 953 (D. Minn. 2008) ("Cognizant that it could not anticipate every sharp practice by debt collectors, Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." (citations omitted)). But see Knoll v. Allied Interstate, Inc., 502 F. Supp. 2d 943, 948 (D. Minn. 2007) (allowing § 1692f

claim based on same allegations as claims under §§ 1692d and 1692e).  Caulfield's § 1692f claim is premised on the same conduct underlying her other FDCPA claims, and this alone warrants judgment on the pleadings as to the § 1692f claim.

Even if the same allegations could support a claim under § 1692f, Caulfield's § 1692f claim fails on the merits.  Section 1692f lists several examples of proscribed unfair and unconscionable practices.  See 15 U.S.C. § 1692f(1)-(8) (providing nonexhaustive list of conduct including collecting more money than expressly authorized, accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action and communicating by postcard).  The allegations in the present matter are far less severe than the enumerated examples.  As a result, the court finds as a matter of law that these allegations do not rise to the level of "unfair" or "unconscionable."  Therefore, for this additional reason, judgment on the pleadings is warranted as to the § 1692f claim.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [ECF No. 13] is treated as a motion for judgment on the pleadings and is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 10, 2013

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court